### No. 764
### SPEICH v. STOELTING BROS. CO.
#### Ohio Appeals, 3d Dist., Allen County
#### No. 399. Decided Oct. 20, 1924

**725. LIMITATION OF ACTIONS—Unauthorized payment by one member of dissolved partnership of part of indebtedness does not toll statute as to other member.**

**2. In order to toll, the statute payment must be either made by the party to be charged or his authorized agent.**

WARDEN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Stoelting Bros. Co. sold some goods to Speich in 1917, Speich being a member of this partnership. Later the partnership was dissolved and Speich assumed all the liabilities, including the obligation to Stoelting. At the time of the partnership dissolution there was owing Stoelting $220.

In 1918 Speich made a payment of $110. Six years later suit was brought by Stoelting to recover the other $110 from the retired partner. The statute of limitations was plead by way of defense, judgment was rendered for the plaintiff for the full amount. This judgment was affirmed by the Common Pleas,

whereupon error was prosecuted. In reversing the judgment, the Court of Appeals held:

1. Payment on account made without authority by one member of a partnership brought after the dissolution and before the claim would be barred by the statute, and without notice of the dissolution to the creditor does not prevent the running of the statute against another member of the dissolved partnership.

2. In order to toll the statute of limitations by payment, the payment must have been made by the party to be charged or by some one specifically authorized to make it.

Attorneys—Blank & Blank, for Speich; Frank H. Downing, for Stoelting Bros. Co.; all of Lima.